NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ERIC PINA MOLINA, *Appellant*.

No. 1 CA-CR 22-0154
FILED 11-3-2022

Appeal from the Superior Court in Maricopa County
No. CR2007-122004-001
The Honorable Thomas A. Kaipio, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Dawnese Hustad
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Vice Chief Judge David B. Gass joined.

**B A I L E Y**, Judge:

**¶1**        Appellant Eric Molina appeals the denial of his expungement petition.  This is an appeal under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969).  Counsel for Molina filed a brief advising the court that, after searching the entire record, she is unable to discover any arguable question of law and requesting that this court conduct an *Anders* review of the record.  Molina was given the opportunity to file a supplemental brief *in propria persona*, but he did not do so.  This court has reviewed the briefs and the record, and finding no reversible error, we affirm the denial of Molina's expungement petition.

## FACTS AND PROCEDURAL HISTORY

**¶2**        In June 2007, Molina was charged with one count of possession of narcotic drugs, a class four felony.  Seven months later, Molina pled guilty to possession of drug paraphernalia, a class six undesignated felony.  During the change of plea hearing, Molina gave this factual basis for the plea:

> THE COURT: Okay. And then in the case ending in 004, on November 19th, 2006, were you in possession of drug paraphernalia -- and that would have been what . . . ?
>
> [DEFENSE COUNSEL]: A baggie.
>
> THE COURT: A baggie which was used to contain –
>
> [DEFENSE COUNSEL]: Cocaine.
>
> THE COURT: -- a narcotic drug?
>
> [MR. MOLINA]: Yes.

**¶3**        The superior court then suspended imposition of sentence and placed Molina on supervised probation for 18 months.

**¶4**        In February 2022, Molina filed a petition for expungement, as a self-represented party, under Arizona Revised Statutes ("A.R.S.") section 36-2862.  The superior court denied the petition.  Molina timely filed a notice of appeal, and we have jurisdiction under A.R.S. §§ 36-2862(F) and 13-4033(A)(3).

## DISCUSSION

**¶5**    We begin by noting that the requirements of *Anders* follow the right to appointed counsel, *see Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987), and it remains an open question whether the right to counsel attaches when petitioning for expungement or when appealing the denial of that petition.  But because Molina was represented by counsel in this appeal and counsel followed the procedures of *Anders*, we conduct an *Anders* review in this case.

**¶6**    We have reviewed the entire record for reversible error and find none.  *See Leon*, 104 Ariz. at 300; *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  Section 36-2862(A)(3) allows for expungement of convictions for "[p]ossessing, using or transporting paraphernalia relating to the cultivation, manufacture, processing or consumption of marijuana."  Molina was convicted of possessing paraphernalia relating to cocaine, not marijuana.  Therefore, his conviction is not eligible for expungement.

## CONCLUSION

**¶7**    We affirm the superior court's denial of Molina's expungement petition.

**¶8**    Upon the filing of this decision, defense counsel is directed to inform Molina of the status of his appeal and of his future options.  Defense counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).  Molina will have thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    AA